### In re O'GORMAN CO.

(District Court, D. Rhode Island. April 22, 1912.)

#### No. 730.

LIMITATION OF ACTIONS (§ 47*)—COMPUTATION—ACCRUAL OF ACTION.

A lease for three years provided for a percentage of the lessee's gross sales, etc., as rent, instead of a fixed sum, the amount to be determined and paid weekly; the lessee turning all moneys over to the lessor, who agreed to pay the salaries of the lessee's employés and return the balance to the lessee after deducting rent and payments. *Held,* that the facts support an action of covenant, under a claim against the lessor, as affecting the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 254–258; Dec. Dig. § 47.*]

In the matter of the O'Gorman Company, bankrupt. On petition for review of an order of the referee allowing William Schloss' claim. Affirmed.

Barney & Lee, for bankrupt.

J. Jerome Hahn, for claimant.

BROWN, District Judge. This is a petition for review of the referee's order allowing the claim of William Schloss.

I find no error in the referee's finding as to the merits of the claim, but agree with his conclusions of fact.

The only remaining question is whether the claim is barred by the statute of limitations, and this turns upon whether the facts were sufficient to support an action of covenant, or of debt founded on a specialty. The lease was for three years, and the reddendum clause is as follows:

"Yielding and paying therefor during said term as rent therefor twelve and one-half (12½) per centum of the gross sales for all work done and goods sold by said lessee in said building, the said rent to be paid and settled each and every Monday morning during the continuance of this lease; the said lessee hereby agreeing to send all moneys received by him for sales and work done, and also all charge slips for goods sold or work done by him, to the office of said lessor immediately after each transaction; the said lessor to retain said money, and on each and every Saturday during the continuance of this lease the said lessee shall turn into said lessor at his office a list of all salaries due the clerks and employés hired and employed

by said lessee, and the same shall be paid by said lessor out of the moneys received by him from said lessee, and the balance of the moneys then remaining in the hands of the said lessor, after deducting the sums so paid for salaries and twelve and one-half (12½) per cent. upon the gross sales due for rent, shall on each and every Monday during the continuance of this lease be turned over to said lessee."

As the lessee covenants to pay as rent, not a fixed sum, but 12½ per centum of gross sales, etc., the remaining provisions are auxiliary covenants, which provide a means for ascertaining the amount of rent and also security for its payment. The provision for repayment of the balance by the lessor is a necessary complement, and is a dependent covenant binding upon the lessor.

All of these provisions are parts of a general plan for determining the amount of rent, for giving security to the lessor, and for paying to the lessee the balance. All of these provisions are dependent covenants contained in an instrument under seal.

The petitioner contends that there is no agreement in the lease on the part of the lessor for payment or accounting to the lessee, and that the lessee's right is not under a covenant in the lease. I am unable to agree with this contention. The contract expressly provides that the balance "shall on each and every Monday during the continuance of this lease be turned over to the said lessee." There is an express covenant by the lessor.

It is further contended that there was no right to sue in covenant, since the lease was by Thomas A. O'Gorman, and not by the O'Gorman Company. I agree with the referee's finding of fact that the O'Gorman Company was the assignee of O'Gorman, and that the covenants in the lease are binding upon the O'Gorman Company by virtue of a privity of estate.

The notice (Exhibit E), signed "O'Gorman Company, Thos. A. O'Gorman, Treasurer, Assignee of the Lessor," is in itself persuasive evidence that the lease had been duly assigned; and this, together with much other evidence, was quite sufficient to justify the referee's finding on this point, and to overcome evidence to the contrary.

It is unnecessary to add anything further to the careful opinion of the referee.

The order of the referee is affirmed.